IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NATHANIEL JOHNSON,

Plaintiff,

vs.                                              Case No. 15-cv-1387-DRH

CECIL E. POLLEY,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Nathaniel Johnson is currently incarcerated in the Graham Correctional Center in Hillsboro, Illinois ("GCC"), located within the Southern District of Illinois. On December 21, 2015, Johnson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

## **Background**

In 2003, Johnson was charged with one count of first-degree murder and one count of aggravated arson. The charges stemmed from a fire set by Johnson at the residence of his estranged wife, which resulted in the death of his wife's ten-year-old son. Johnson was represented by two successive attorneys following his arrest. James Gomeric represented Johnson for roughly 13 months, withdrawing from representation due to "irreconcilable differences." Directly before Gomeric withdrew, Johnson rejected a plea agreement offered by the State (and to which it appears Mr. Gomeric gave his approval) in which Johnson would plead guilty to the charge of aggravated arson and sentenced to 30 years imprisonment in exchange for the dismissal of the first-degree murder charge.

Johnson next retained attorney Evelyn Lewis. Johnson asserts that during his discussions with Lewis, she continuously emphasized that he was facing a possible natural life sentence on the first-degree murder charge. On December 16, 2004, at Lewis' encouragement, Johnson entered a negotiated plea of guilty to an amended charge of aggravated arson in exchange for the State dropping the charge of first-degree murder. Johnson was to serve 85% of a 30-year sentence. The plea was nearly identical to the previous plea offer, except that Johnson alleges the definition of aggravated arson was changed from "knows or reasonably knows that one or more persons are therein" to "any person suffers great bodily harm, or permanent disability or disfigurement as a result of the fire or explosion."

Johnson claims that during his plea hearing, the trial judge, at the prosecutor's insistence, underscored to Johnson that if he were to go to trial on the first-degree murder charge, he would face the possibility of natural life imprisonment. Johnson admits that the judge informed him of his constitutional rights, but that he opted to plead guilty based on the joint recommendation.

Subsequent to pleading guilty, Johnson made an ultimately unsuccessful attempt to reduce his sentence. He eventually filed a postconviction petition which was dismissed by the state trial and appellate courts. His appeal to the Supreme Court of Illinois was denied. Johnson then filed a request for leave to file a successive petition for postconviction relief with the state trial court, which the trial court denied. Johnson timely appealed the trial court's decision to the state appellate court.

## Discussion

"Section 2254 generally requires state prisoners to exhaust available state-court remedies before seeking habeas review in federal court." *Gacho v. Butler*, 792 F.3d 732, 735 (7th Cir. 2015); *see* 28 U.S.C. § 2254(b)(1)(A). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see* 28 U.S.C. § 2254(c). Exhaustion is excused only if the "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Johnson is currently appealing the trial court's denial of his request for leave to file a successive petition for postconviction relief. He has also failed to argue that exhaustion should be excused pursuant to 28 U.S.C. § 2254(b)(1)(B). He has therefore failed to exhaust his state judicial remedies.

### Pending Motions

On the same day he filed his petition, Johnson filed a motion for leave to proceed in forma pauperis (Doc. 2) and a motion to appoint counsel (Doc. 3). **IT IS HEREBY ORDERED** that both motions are **DENIED as MOOT**.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show *both* that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484-85.

Here, no reasonable jurist would find it debatable whether this Court's ruling on failure to exhaust state judicial remedies was correct. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Petitioner's petition for writ of habeas corpus under 28 US.C. § 2254 is **DISMISSED without prejudice**. The Clerk shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**Signed this 13th day of January, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.01.13 08:58:56 -06'00'

**United States District Judge**